IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| THE CHARTER OAK FIRE INSURANCE COMPANY; and TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, <br><br> Plaintiffs, <br><br> v. <br><br> GRACIE DAVIS, as personal representative of the estate of GREGORY D. CHANEY; MARLA SARTAIN CASTILLO, as personal representative of the estate of SERGIO CASTILLO RIVAS; DANIEL PELAYO SILVERIO; and CORNELIUS DANCY, <br><br> Defendants. | CIVIL ACTION NO.: |

**COMPLAINT IN INTERPLEADER AND
PETITION FOR DECLARATORY JUDGMENT**

COME NOW The Charter Oak Fire Insurance Company ("Charter Oak") and Travelers Property Casualty Company of America ("Travelers"), and file this Complaint in Interpleader and Petition for Declaratory Judgment. In support of the same, Charter Oak and Travelers state as follows:

## I. PARTIES

1. Charter Oak is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business in Connecticut.

2. Travelers is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business in Connecticut.

3. Pursuant to 28 U.S.C. Section 1332(c)(2), Gracie Davis, as the personal representative of the estate of Gregory D. Chaney, is a citizen and resident of Alabama because, at the time of his death, Gregory D. Chaney was a citizen and resident of Alabama.

4. Pursuant to 28 U.S.C. Section 1332(c)(2), Marla Sartain Castillo, as the personal representative of the Estate of Sergio Castillo Rivas, is a citizen and resident of Alabama because, at the time of his death, Sergio Castillo Rivas was a citizen and resident of Alabama.

5. Defendant Daniel Pelayo Silverio is a citizen of a foreign state and resident of Alabama.

6. Defendant Cornelius Dancy is a citizen and resident of Alabama.

## II. JURISDICTION AND VENUE

7. Charter Oak and Travelers invoke this Court's jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. Section 1332.

8. Charter Oak and Travelers are diverse from each defendant.

9. The amount in controversy exceeds $75,000.

10. With the filing of this Complaint and Petition, Charter Oak is filing a motion seeking permission from this Court to deposit $3,000,000 with the Court.

11. Venue in this District is proper pursuant to 28 U.S.C. Sections 1391(a)(1) and (2), as all of the defendants reside in this District and/or a substantial part of the events, acts, or omissions giving rise to the asserted claims took place in this District.

### III. STATEMENT OF FACTS

12. Charter Oak issued a Commercial Insurance policy with Commercial Automobile Coverage (hereinafter referred to as the "Charter Oak automobile policy") to Superior Maintenance Co., Inc. ("Superior"), policy number P-810-0878N540-COF-11, for the policy period January 1, 2011 to January 1, 2012.

13. Travelers issued a Commercial Excess Liability (Umbrella) Insurance Policy to Superior, policy number PSM-CUP-0878N540-TIL-11, for the policy period, January 1, 2011 to January 1, 2012.

14. Upon information and belief, on February 22, 2011, Gregory D. Chaney, Sergio Castillo Rivas, Daniel Pelayo Silverio, and Cornelius Dancy were employees of Superior.

15. Upon information and belief, on February 22, 2011, Chaney, Rivas, Silverio, and Dancy were traveling in a Toyota Sienna owned by Superior on a public road in Tuscaloosa County, Alabama.

16. Upon information and belief, the driver and owner of a Nissan Quest, Kathy Gallegos ("Gallegos"), collided with the Superior vehicle from behind and caused the Superior vehicle to swerve into oncoming traffic.

17. As a result of the accident, Chaney and Rivas died, and Silverio and Dancy were injured.

18. Upon information and belief, Gallegos was insured under a personal automobile policy issued by Direct General Insurance Company of Louisiana on the date of the accident.

19. Upon information and belief, Gallegos does not have sufficient insurance coverage to satisfy the claims of all of the defendants.

20. As a result of the accident, the defendants are seeking underinsured motorist coverage from Charter Oak and/or Travelers.

21. The Charter Oak automobile policy provides, in part:

We will pay all sums the "insured" is legally entitled to recover as damages from the owner or driver of an "uninsured motor vehicle." The damages must result from "bodily injury" sustained by the "insured" caused by an "accident." The owner's or driver's liability for these

damages must result from the ownership, maintenance or use of the "uninsured motor vehicle."

22. Under the terms of the Charter Oak automobile policy, an "uninsured motor vehicle" includes an underinsured motor vehicle, which is defined as "a land motor vehicle . . . for which the sum of all liability bonds or policies at the time of an 'accident' provides a limit that is less than the amount an 'insured' is legally entitled to recover as damages caused by the 'accident.'"

23. The Travelers Umbrella policy does not provide any underinsured motorist benefits under the insuring agreement.

24. Further, the Travelers Umbrella policy provides, *inter alia,* that "this insurance does not apply to":

> N. **Uninsured Motorists, Underinsured Motorist, "Auto" No-Fault, Medical Expenses Benefits and Income Loss Benefits**
>
> Any liability imposed on the insured, or the insured's insurer, under any of the following laws:
>
> (1) Uninsured Motorists;
>
> (2) Underinsured Motorists;
>
> (3) "Auto No-Fault Laws or other first party personal injury laws; or
>
> (4) Medical Expense Benefits and Income Loss Benefits Law.

## IV.    COUNT ONE – INTERPLEADER BY CHARTER OAK

25.    Pursuant to Rule 22 of the Federal Rules of Civil Procedure, Charter Oak files this Complaint in Interpleader.  With the filing of this Complaint and Petition, Charter Oak files a Motion seeking permission to deposit with the Court $3,000,000 in policy benefits under the Charter Oak automobile policy.

26.    The Charter Oak automobile policy issued to Superior includes underinsured motorist coverage in the amount of $1,000,000 per accident. Under the terms of the automobile policy, those benefits may be stacked for a total of $3,000,000.

27.    The Charter Oak automobile policy provides, in part:

> We will pay all sums the "insured" is legally entitled to recover as damages from the owner or driver of an "uninsured motor vehicle." The damages must result from "bodily injury" sustained by the "insured" caused by an "accident." The owner's or driver's liability for these damages must result from the ownership, maintenance or use of the "uninsured motor vehicle."

28.    Upon information and belief, Chaney, Rivas, Silverio, and Dancy qualified as "insureds" under the Charter Oak automobile policy for the accident that occurred on February 22, 2011.

29.    Under the terms of the Charter Oak automobile policy, an "uninsured motor vehicle" includes an underinsured motor vehicle, which is defined as "a land

6

motor vehicle . . . for which the sum of all liability bonds or policies at the time of an 'accident' provides a limit that is less than the amount an 'insured' is legally entitled to recover as damages caused by the 'accident.'"

30. Upon information and belief, Gallegos, the owner and driver of the vehicle involved in the accident, does not have sufficient liability coverage to satisfy the claims of the defendants. Therefore, the vehicle Gallegos was driving at the time of the accident qualifies as an "uninsured motor vehicle" under the terms of the Charter Oak automobile policy.

31. The defendants are seeking underinsured motorist benefits under the Charter Oak automobile policy.

32. The underinsured motorist benefits under the Charter Oak automobile policy are limited to $1,000,000 per accident. Under the terms of the automobile policy, those benefits may be stacked for a total of $3,000,000.

33. Charter Oak is desirous of paying its underinsured motorist policy limits of $3,000,000 under the automobile policy. However, Charter Oak is not in a position to determine the amounts that should be paid to each defendant. Without the determination of the Court, Charter Oak is not in a position to pay all or part of its coverage limits of the automobile policy without danger of favoring one insured over the other.

34. Charter Oak is faced with multiple claims and is in great doubt and uncertainty as to the amounts to be paid to each the defendants.

35. Charter Oak shows that it occupies the status of disinterest stakeholder of the $3,000,000 underinsured motorist policy limits under the Charter Oak automobile policy. Charter Oak has no interest in or claim to the policy limits and desires only to pay the underinsured motorist policy benefits under the Charter Oak automobile policy to the proper defendants.

36. Charter Oak further shows that, as a result of the claims and/or potential claims by the defendants, and as a result of Charter Oak's uncertainty and doubt as the amounts to be paid to the defendants, Charter Oak may be exposed to multiple liability and multiple litigation.

37. Charter Oak brings this Complaint in Interpleader in good faith, in order to fully discharge its liability and to permit the defendants to establish their claims.

38. Unless this Honorable Court permits the filing of the Complaint in Interpleader, Charter Oak anticipates that it will be exposed to multiple liability by the defendants as rival insureds.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Charter Oak respectfully requests the following relief:

a.  That the process of this Court be issued to the defendants as provided by law and the rules of this Court requiring them to appear and answer this Civil Action and interplead their various claims to the aforesaid Policy;

b.  That this Court enter an Order restraining the defendants from instituting or prosecuting any proceeding in any State or United States court regarding the Charter Oak automobile policy or obligations involved in this interpleader action until further order of the Court;

c.  That this Court enter an Order and judgment discharging Charter Oak from all further liability under and with respect to the payment obligations in the Charter Oak automobile policy;

d.  That this Court enter an Order requiring the defendants to interplead and settle among themselves their respective claims to the $3,000,000 policy limits under the Charter Oak automobile policy; and

e.  Any other relief that the Court deems proper and just.

## V.  COUNT TWO – PETITION FOR DECLARATORY JUDGMENT BY TRAVELERS

39.  Travelers brings this action of declaratory relief to determine the rights, duties, status, and legal rights under the Traveler Commercial Excess (Umbrella) Liability policy issued to Superior.

40.  At least one of the defendants contends that the Travelers Umbrella policy provides underinsured motorist benefits for the automobile accident that occurred on February 22, 2011.

41.  Under its clear terms, the Travelers Umbrella policy does not provide underinsured motorist benefits.  Therefore, the defendants are not entitled to any policy benefits under the Travelers Umbrella policy as a result of the automobile accident that occurred on February 22, 2011.

42.  The Travelers Umbrella policy does not provide any underinsured motorist coverage under the insuring agreement in the policy.

43.  Further, the Travelers Umbrella policy provides, *inter alia,* that "this insurance does not apply to":

> **N.  Uninsured Motorists, Underinsured Motorist, "Auto" No-Fault, Medical Expenses Benefits and Income Loss Benefits**
>
> Any liability imposed on the insured, or the insured's insurer, under any of the following laws:
>
> (1)  Uninsured Motorists;
>
> (2)  Underinsured Motorists;
>
> (3)  "Auto No-Fault Laws or other first party personal injury laws; or
>
> (4)  Medical Expense Benefits and Income Loss Benefits Law

44. Under the clear terms of the Travelers Umbrella policy, the defendants are not entitled to underinsured motorist benefits.

45. A bona fide controversy exists between the parties as to their legal rights, status, and liabilities pursuant to the Travelers policy.

WHEREFORE, PREMISES CONSIDERED, Travelers requests the following relief:

a. That this Court will take jurisdiction of this petition;

b. That the Court will order, adjudge, and decree that this is a proper case for declaratory judgment relief and that there is a bona fide controversy between the parties as to their legal rights, status, and liabilities;

c. That the process for this Court be issued to the defendants as provided by law and the rules of this Court and that the defendants be ordered to respond to this petition for declaratory judgment within the time prescribed by law or, in the event of failure to do so, suffer a decree pro confesso;

d. That, upon final hearing of this case, this Court will order, adjudge, declare, or decree that no underinsured motorist coverage is afforded to the defendants under the Travelers Umbrella policy;

e. That, upon final hearing of this case, this Court will order, adjudge, declare, or decree that Travelers does not owe any underinsured motorist coverage

under the Travelers Umbrella policy to defendants as a result of the automobile accident that occurred on February 22, 2011;

    f.    That, if Travelers is mistaken in any special relief herein prayed for, then it prays for such other, further, more general relief to which it may be entitled.

Respectfully submitted,

_/s/ Joel S. Isenberg_

Joel S. Isenberg (ASB-8855-N76J)
Susan Haygood McCurry (ASB-5544-G54S)
Attorneys for Plaintiffs The Charter Oak Fire Insurance Company and Travelers Property Casualty Company of America

**OF COUNSEL:**
ELY & ISENBERG, LLC
The Mountain Brook Center
2700 Highway 280 East, Suite 110
Birmingham, AL 35223
Telephone:  (205) 313-1200
Facsimile:  (205) 313-1201
jisenberg@elylawllc.com
smccurry@elylawllc.com

**SERVE DEFENDANTS VIA CERTIFIED MAIL:**

Gracie D. Davis
P.O. Box 133
Panola, Alabama 35477-0133

Marla Sartain Castillo
11739 Fork Lane
Cottondale, Alabama 35453-0405

Daniel Pelayo Silverio
10792 West Blocton Road
Vance, Alabama 35490

Cornelius Dancy
959 Conway Road 83
Aliceville, Alabama 35442-7402