IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| THE CHARTER OAK FIRE INSURANCE COMPANY; and TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,<br><br>    Plaintiffs,<br><br>v.<br><br>GRACIE DAVIS, as personal representative of the estate of GREGORY D. CHANEY; MARLA SARTAIN CASTILLO, as personal representative of the estate of SERGIO CASTILLO RIVAS; DANIEL PELAYO SILVERIO; and CORNELIUS DANCY, | LEAD CASE<br>CIVIL ACTION NO.<br>CV-11-RRA-01721-W |

| | |
|---|---|
| The Estate of SERGIO CASTILLO RIVAS, by and through MARLA SARTAIN CASTILLO, personal representative and administratrix of The Estate of Sergio Rivas, deceased;<br><br>    Plaintiff,<br><br>v.<br><br>KATHY CREPPEL GALLEGOS, An individual; TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA; THE CHARTER OAK FIRE INSURANCE COMPANY,<br><br>    Defendants. | MEMBER CASE<br>CIVIL ACTION NO.<br>CV-11-RRA-2214-W |

**REPORT AND RECOMMENDATION**

This is a consolidated civil action. Before the court is the plaintiff's motion to bifurcate and remand (doc. 41, in CV-11-RRA-1721; doc. 36, in CV-11-RRA-2214); the plaintiff's amended motion to bifurcate and remand (doc. 42, in CV-11-RRA-1721; doc. 38, in CV-11-RRA-2214); and the plaintiff's supplemental and renewed motion to remand (doc. 44, in CV-11-RRA-1721; doc. 51, in CV-11-RRA-2214).

FACTS AND PROCEDURAL HISTORY

On February 22, 2011, a car driven by defendant Kathy Creppel Gallegos collided with a car occupied by Sergio Castillo Rivas, Gregory D. Chaney, Daniel Pelayo Silverio, and Cornelius Dancy. At the time of the accident, Rivas, Cheney, Silverio, and Dancy all worked for Superior Maintenance Company ("Superior") and were riding in a company vehicle. The vehicle was covered by a commercial insurance policy issued by the Charter Oak Fire Insurance Company ("Charter") and a commercial excess liability (umbrella) policy issued by Travelers Property Casualty Company of America ("Travelers").

After the accident, these two lawsuits were filed. The first to appear in this court was *The Charter Oak Fire Insurance Company, et al. v. Davis, et al.*, CV-11-RRA-1721-W, filed in this court on May 24, 2011. (Doc. 1, in CV-11-RRA-1721-W.) That case is an interpleader and declaratory judgment action originally brought by Charter and Travelers against Gracie Davis as personal representative of the estate of Gregory D. Chaney; Marla Sartain Castillo as personal representative of the estate of Sergio Castillo Rivas; Daniel Silverio; and Cornelius Dancy. The complaint claims that Gallegos's insurance limits are

insufficient to cover the injuries to the passengers of the vehicle with which Gallego collided. It notes that the defendants are seeking underinsured motorist coverage from Charter and/or Travelers. Charter deposited $3,000,000.00 with the court, which amount represents underinsured motorist benefits, while Travelers denies that its policy with Superior provides coverage. All occupants of the vehicle which Gallegos hit are potential claimants to the insurance proceeds at issue.

*The Estate of Sergio Castillo Rivas v. Gallegos, et al.*, CV-11-RRA-2214-W was the second suit to arrive in this court. It was actually filed first, in Tuscaloosa County Circuit Court, on May 23, 2011 (doc. 1-1, p. 3, in CV-11-RRA-2214-W), and was removed to this court on June 23, 2011 on the basis of diversity jurisdiction under 28 U.S.C. § 1332.[1] The case was brought by Marla Sartain Castillo as personal representative of the estate of Sergio Rivas, deceased, against Gallegos, Travelers, and Charter. The original complaint alleges counts of negligence and/or wantonness (Count One), wrongful death (Count Two) against Gallegos, and for payment of uninsured/under-insured motorist coverage benefits against Charter and/or Travelers (Count Three). It also seeks a judgment declaring the extent of

---

[1]The Eleventh Circuit has stated:

> A defendant may remove an action to a district court that would have original jurisdiction if complete diversity between the parties exists and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987). Further, the removal statute forbids removal "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

*City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 n. 1 (11th Cir. 2012).

insurance coverage available to the plaintiff (Count Four).

On June 28, 2011, the plaintiff filed a motion to remand in CV-11-RRA-2214-W, claiming that Gallegos and the plaintiff were both Alabama citizens and, therefore, complete diversity does not exist. (Doc. 5.)[2] It was recommended in a report and recommendation that that motion be denied, and the district judge accepted that recommendation and denied the motion. (Docs. 14, 16, in CV-11-RRA-2214-W.)  On August 17, 2011, an order consolidating these cases was entered. (Doc. 30, in CV-11-RRA-1721-W.)[3]

On October 19, 2011 the plaintiff filed a motion to amend the complaint in CV-11-RRA-02214-W and to "bifurcate and remand." (Docs. 40, 41.)  Later, the plaintiff filed a supplemental motion to bifurcate and remand (doc. 42) and a motion to remand (doc. 44). The court granted the motion to amend, and on October 21, 2011 the plaintiff filed an amended complaint to add counts for negligence and/or reckless and/or wanton conduct against Thomasa Horton (Count Five), a respondeat superior claim against Averitt Express, Inc. ("Averitt") (Count Six), negligent hiring and/or supervision against Averitt (Count Seven), combining and concurrent negligence against Horton, Averitt, and Gallegos (Count Eight), negligent hiring and/or supervision against Superior (Count Nine), failure to provide a safe workplace against Mercedes Benz U.S. International, Inc. ("Mercedes") (Count Ten), and knowledge of  failure to provide safety devices against Mercedes and Superior (Count Eleven). (Doc. 37 in CV-11-RRA-02214-W.)

---

[2]See note 1.

[3]All further document numbers, unless specifically noted, will reference documents in case CV-11-RRA-1721-W, which is the lead case.

DISCUSSION

The amendment has caused a shift in the diversity jurisdictional analysis. Now, with the addition of defendant Thomas Horton, the parties agree that diversity jurisdiction is destroyed in CV-11-RRA-02214-W because the plaintiff and the new defendant, Horton, are both Alabama citizens. While the plaintiff asks the court to "bifurcate" the claims, the more appropriate term is "sever."

> Rule 21 of the Federal Rules of Civil Procedure states that "[a]ny claim against a party may be severed and proceeded with separately." Fed.R.Civ.P. 21.[4] "The determination of whether to grant a motion to sever is left to the discretion of the trial court." *Fisher v. Ciba Specialty Chem. Corp.,* ---F.Supp.2d ----, No. 03-0566-WS-B, 2007 WL 1795819, at * 1 (S.D. Ala. June 20, 2007). It is so broad that courts have "virtually unfettered discretion in determining whether or not severance is appropriate." *Id.* (quoting *Grigsby v. Kane,* 250 F.Supp.2d 453, 456 (M.D.Pa.2003) (internal quotation marks omitted)). Whether severance would facilitate settlement or judicial economy is among the factors a court may examine while determining whether to sever the claims. *See id.* Additionally, a court may consider "the convenience of the parties, avoiding prejudice, promoting expedition and economy, and the separability of law and logic." *Old Colony Ventures I, Inc. v. SMWNPF Holdings, Inc.,* 918 F.Supp. 343, 350 (D.Kan.1996) (citation omitted).

*Tillis v. Cameron*, No. 1:07-CV-0078-WKW, 2007 WL 2806770 at *5 (M.D. Ala. Sept. 25, 2007).

In this case, the plaintiff asks the court to "bifurcate the insurance issues from the tort issues and remand all of the tort claims to the Circuit Court of Tuscaloosa County, Alabama." (Docs. 41, 42, 44.) Defendants Charter and Travelers agree. (Doc. 43.) No other response to the motions has been filed by any other party.

Such action would make sense in that it would result in all insurance issues being

---

[4] The Rule reads slightly differently now: "The court may also sever any claim against any party." Fed. R. Civ. P. 21. However, the notes to the rule state that the change is "intended to be stylistic only." *Id.*

litigated here, together, with the underlying liability issues being litigated in state court.  By doing so, all of the overlapping insurance issues regarding the Charter Oak and Travelers policies will be before one court in one action. The case filed in this federal court is the proper case in which to decide all insurance issues claims, because all of the individuals who could make a claim for insurance benefits under the policies are parties to that action, but they are not all parties in the original state court action.

## RECOMMENDATION

Accordingly, it is RECOMMENDED, without objection from any party, that all claims in CV-11-RRA-02214-W, except Counts Three and Four, be SEVERED from this action and that those claims be REMANDED to the Circuit Court of Tuscaloosa County, Alabama.[5]

Done this 12th day of September, 2012.

_____
Robert R. Armstrong, Jr.
United States Magistrate Judge

---

[5] The court declines to consider Superior's Motion to Dismiss, or in the Alternative for Summary Judgment, filed in CV 11-RRA-2214-W.  Superior insists that it "as the employer of the decedent, is immune from suit outside the Workers' Compensation Act." (Doc. 67, p. 3 in CV 11-RRA-2214-W.) This matter relates to the tort causes of action which will be remanded.  The state court can resolve this dispute.